ANSONIA BRASS AND COPPER COMPANY, Appellant, *v.* WILLIAM C. CONNER et al., as Executors, etc., Respondents.

The General Term of the Court of Common Pleas of the city of New York, on appeal to it, from a judgment of the General Term of the City Court (late the Marine Court), affirmed the judgment and granted leave to the appellant to appeal to this court from the judgment to be entered on its decision. An order of affirmance was entered in the Court of Common Pleas, and thereafter, a judgment was entered in the City Court, which recited that a remittitur had been sent down from the Court of Common Pleas, and made the judgment of that court the judgment of the City Court. The appellant served a notice of appeal "from the judgment entered in the office of the clerk of the City Court," without referring to the judgment or order of the Common Pleas. *Held,* that the appeal was improperly taken, that no appeal lies to this court from a judgment of the City Court.

The appeal should have been from the determination of the Court of Common Pleas.

(Argued February 11, 1885 ; decided April 14, 1885.)

The nature of the appeal is set forth in the opinion.

*Marshall P. Stafford* for appellant. Nothing is a judgment, in a strict technical legal sense of the term, except a formal record on the files of some court. (*Knapp* v. *Roche*, 82 N. Y. 366.) An order embodying the decision of a court is not itself a judgment, but merely a warrant and guide for the clerk of a court to enter a judgment. (*Hollister Bank* v. *Vail*, 15 N. Y. 593; *Phipps* v. *Van Cott*, 4 Abb. 90; *Lee* v. *Ainslee*, id. 463; *Ford* v. *David*, 3 id. 385; *Bentley* v. *Jones*, 4 How. 335; *Ives* v. *Miller*, 19 Barb. 196; *W. R. R.* v. *Kortwright*, 10 How. 457; *Lawrence* v. *Farmers' L. & T. Co.*, 15 id. 57.) If the judgment thus entered in the City Court is not to be regarded as the judgment of the Common Pleas, for the purpose of an appeal to this court, an appeal here from an action commenced in the City Court is rendered impossible, notwithstanding the provision of the Code (§ 191, subd. 2) allowing such appeal. (Code of Civ. Pro., § 3194; *Knapp* v. *Roche*, 82 N. Y. 386; *Pearson* v. *Lovejoy*, 53 Barb. 410.) Whatever may be held to constitute the judgment of the Court of Common Pleas, this appeal is from that judgment. (Code of Civ. Pro., § 3191.)

*Henry Thompson* for respondents. The appeal should be dismissed, because the judgment appealed from is not an actual determination at a General Term. (Code of Civ. Pro., §§ 191, 192, subd. 2; *Wilkins* v. *Earle*, 46 N. Y. 358.)

Rapallo, J. Judgment was rendered in favor of the defendants by the City Court (late the Marine Court) of the city of New York, and affirmed by the General Term of the City Court. On appeal to the Court of Common Pleas, that court affirmed the judgment and granted leave to the plaintiff to appeal to this court from the judgment, to be entered on the decision of the Court of Common Pleas. An order of affirmance was entered in the Court of Common Pleas, and afterward on the 3d of June, 1884, a judgment was entered in the City Court, reciting that a remittitur had been sent down from

the Court of Common Pleas, and making the judgment of the Court of Common Pleas the judgment of the City Court.

Thereupon the plaintiff served notice of appeal to this court "from the judgment entered in the office of the clerk of the City Court" in this action on the 3d of June, 1884, no reference being made in the notice of appeal to the judgment or order to the Court of Common Pleas.

The respondents now take the point that no appeal lies to this court from a judgment of the City Court, and that the appeal should have been from the determination of the Court of Common Pleas at General Term.

Section 190 of the Code of Civil Procedure gives jurisdiction to this court to review upon appeal actual determinations, made at General Term, by the Supreme Court, or either of the Superior Courts, and no others. To this right of appeal there are several exceptions, which are enumerated in section 191, one of which is, that an appeal cannot be taken in an action commenced in the Marine Court unless the court below allows the appeal. The court below in the present case, viz.: the Court of Common Pleas, did allow the appeal, but we think that the appeal should have been in form from the judgment rendered by the Court of Common Pleas, there being no authority in the Code to appeal to this court from a judgment of the Marine or City Court. The judgment reviewable in this case is that set forth in the remittitur sent down to the City Court.

The appeal, in the form in which it has been taken, is sought to be justified by the provisions of section 3194, which requires that the judgment or order of the appellate court be remitted to the court below to be enforced, and section 3195, which directs that, upon an appeal to the Court of Appeals, the notice of appeal and undertaking must be filed with the clerk of the Marine Court, who must transmit the necessary papers to the Court of Appeals. This direction, however, is not sufficient to establish that the appeal should be taken from the judgment of the Marine Court entered upon the remittitur. If the appeal could properly be taken from that judgment, the direction to file the notice, etc., in the office of the clerk of the

Marine Court would not be necessary, for the general provision would apply, that notice of appeal must be served upon the clerk with whom the judgment appealed from is entered, by filing it in his office (§ 1300). The special direction to file the notice in the office of the clerk of the Marine Court is given for the very reason that the appeal is not to be taken from the judgment entered in his office, though he has the custody of the record.

The appeal should be dismissed.

All concur, except ANDREWS and EARL, JJ., dissenting.

Appeal dismissed.