In the Matter of the Accounting of UNION TRUST COMPANY OF NEW YORK, Respondent, as Trustee of the Estate of GEORGE P. LAWRENCE, Deceased.

LAWRENCE CRAUFURD et al., Appellants.

APPEAL — ORDER OF APPELLATE DIVISION CANNOT BE REVIEWED UPON APPEAL TAKEN DIRECT FROM DECREE OF SURROGATE'S COURT MADE AFTER AND IN ACCORDANCE WITH SUCH ORDER. An order of the Appellate Division modifying a decree of a Surrogate's Court is not reviewable by the Court of Appeals upon an appeal taken directly from a decree of a Surrogate's Court made and entered after, and in accordance

with, such order, notwithstanding the notice of appeal gives notice of an intention to bring such order up for review, since the order is not only not an intermediate order of the Appellate Division, but is a final order and can only be brought up by direct appeal therefrom or by appeal from a final judgment or order of the Appellate Division affirming the decree of the Surrogate's Court entered after and in accordance with the order sought to be reviewed.

*Matter of Union Trust Co.*, 70 App. Div. 5, appeal dismissed.

(Argued November 11, 1902; decided November 18, 1902.)

APPEAL from a decree of the New York County Surrogate's Court, entered April 10, 1902, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which modified and affirmed as modified a decree of such Surrogate's Court settling the account of the Union Trust Company as trustee of the estate of George P. Lawrence, deceased.

The Union Trust Company of New York city commenced this proceeding on March 15, 1901, in the Surrogate's Court of New York county to secure a judicial settlement of its account as trustee under the will of George P. Lawrence, deceased. A final decree was had therein on September 6, 1901. The Union Trust Company appealed to the Appellate Division from so much of the decree as denied its right to commissions both as executor and trustee. The Appellate Division modified the surrogate's decree by awarding the trust company commissions in both capacities, and as thus modified affirmed the decree.

The appellants in their notices of appeal appealed from the judgment or decree of the Surrogate's Court entered April 10, 1902, upon the order of the Appellate Division modifying the decree of the surrogate, dated September 6, 1901, but they did not appeal from that order. The notices of appeal also stated that the appellants intended to bring up for review three other previous decrees of the surrogate, made in the same proceeding, and then concluded with the statement that they also intended to bring up for review the order of the Appellate Division which reversed or modified the decree of the Surrogate's Court.

*Rastus S. Ransom, Edwin C. Ward* and *William B. McNeice* for appellants.

*Wheeler H. Peckham* and *Hoffman Miller* for respondent. The appeal must be dismissed, as there is no provision of law permitting an appeal from a decree of a Surrogate's Court. (Code Civ. Pro. §§ 190, 1316, 1325, 2570, 2571.)

*Per Curiam.* We are of the opinion that the notice of appeal to this court was insufficient to effect an appeal from the final order of the Appellate Division modifying the surrogate's decree of September 6, 1901. The appeal was taken directly from the judgment or decree of the Surrogate's Court, which was entered after the decision of the Appellate Division, and not from the order of that court. This procedure was unauthorized, as this court has jurisdiction to review only actual determinations of the Appellate Division. It is true that the appellants in their notice of appeal gave notice of an intention to bring up for review several decrees of the Surrogate's Court, and also the order of reversal entered and filed in the office of the Supreme Court, Appellate Division, in March, 1902. While section 1301, Code of Civil Procedure, provides that where the appeal is from a final judgment, or final order in a special proceeding, and the appellant intends to bring up for review an intermediate order, he must specify the order to be reviewed, still the order sought to be thus reviewed was not only not an intermediate order of the Appellate Division, but was a final order, and could only be brought up by direct appeal. Moreover, as there was in this case no direct appeal from any judgment or final order that was reviewable here, there was no appeal which would justify a notice of the review of any intermediate or incidental order. It follows, therefore, that this court is without authority to review the order of the Appellate Division on this appeal. (*Ansonia Brass & Copper Co.* v. *Conner,* 98 N. Y. 574.)

If this were otherwise, and we had jurisdiction to pass upon the question presented, we should be of the opinion that the

learned Appellate Division correctly decided the case, and that it should be affirmed.

The appeal should be dismissed, with costs payable out of the portions of the estate to which the appellants Robert B. Craufurd and Lawrence Craufurd are entitled.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT. MARTIN and CULLEN, JJ., concur; VANN, J., absent.

Appeal dismissed.