JACKSON v. SMITH (CITY OF NEW YORK, Intervener).

(Supreme Court, Appellate Division, First Department.   December 27, 1912.)

1. APPEAL AND ERROR (§ 1183*)—ORDER MODIFYING JUDGMENT—ENTRY—NECESSITY.

An order of the Appellate Division, modifying a judgment of the Special Term, must be filed in the Appellate Division, and a certified copy, annexed to the record, transmitted to the clerk of the Supreme Court, and the clerk must enter judgment on the order in pursuance of Code Civ. Proc. § 1355, and until judgment is actually entered there is no judgment of the court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4634; Dec. Dig. § 1183.*]

2. COSTS (§ 98*)—LIABILITY TO COSTS—PARTIES.

A party who intervenes simply to assist the court in coming to a correct determination of the question presented is not liable for costs.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 383; Dec. Dig. § 98.*]

3. COSTS (§ 84*)—PARTY ENTITLED TO COSTS.

A party who intervenes successfully to prevent a sale of his interest in the property in controversy is entitled to costs, as a party to the action bound by the judgment therein.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 343; Dec. Dig. § 84.*]

On settlement of order modifying judgment of the Special Term. See, also, 138 N. Y. Supp. 654.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Richmond Weed, of New York City, for appellant.

Abraham Stern, of New York City, for respondent.

Curtis A. Peters, of New York City, for city of New York, intervening.

PER CURIAM. [1] The order submitted by the appellant is in the proper form. This order, however, is not a judgment, but an order of the Appellate Division modifying a judgment of the court below, and the order includes in it the form of the judgment, as modified, to be entered. This order necessarily has to be filed in the Appellate Division, and a certified copy of the order, annexed to the record, transmitted to the clerk of the Supreme Court, and on this order the clerk is required to enter a judgment in pursuance of section 1355 of the Code of Civil Procedure. The Court of Appeals has held that the only appeal to that court was from the judgment entered in the office of the clerk of the Supreme Court, based upon the order of the Appellate Division. The signature of the judge to the order is a mere direction to the clerk to enter it. That direction may be in any form; but, until an order or judgment is actually entered by the clerk, it does not become the order or judgment of the court, and the order of the Appellate Division, setting out the form of the judgment that the clerk of the Supreme Court is to enter, is a direction to him as to the proper judgment to be entered as the final judgment in the action.

[2, 3] The city of New York, not being a party to the action, and intervening simply for the purpose of assisting the court in coming to a correct determination of the question presented, is not liable for costs. The appellants, however, are entitled to costs against the plaintiff, both in this court and in the court below, for it was necessary for them to intervene to prevent a sale of their interest in the property, which, as they were parties to the action, would be binding on them.

The order is settled in accordance with the foregoing memorandum.