Stanley Dwight, as Substituted Trustee under the
  Will of Timothy Dwight, Deceased, Plaintiff, *v.*
  Harrison J. Gibb et al., Respondents, and Lillian
  C. Jeffray et al., Appellants, Impleaded with
  Others.

Will — devolution of residuary estate — application of words
"legal representatives" — division of residuary trust fund
per stirpes and not per capita.

1. A testator directed that his residuary estate be divided into six
parts, and that three of such parts be held in trust for three daugh-
ters, that said three parts should be held severally during the
natural life of said daughters and upon the further trust as follows:
"Upon the decease of my said daughters respectively, to pay over,
transfer and deliver the principal of the part aforesaid, so holden in
trust for the use of the daughter so respectively deceased, to the
child or children of such deceased daughter respectively; and in
default of such child, or children, then to my other children named
in this will, and to their legal representatives in equal proportions."
*Held*, that the testator used the words "and to their legal repre-
sentatives" in the sense of lineal descendants, as in the Statute of
Distributions (Decedent Estate Law, Cons. Laws, ch. 13; L. 1909,
ch. 18, § 98, amd. L. 1909, ch. 240). One of the daughters having died
without descendants, and it appearing that the descendants or next
of kin of the testator are of unequal degrees of kindred, *held*, that
the testator intended by the use of the words "legal representa-
tives" *his* legal representatives, and hence the trust fund must be
apportioned according to their respective stocks. Each group of
grandchildren must, therefore, take the share that their parent
would have taken, if living.

2. Under the provisions of section 1355 of the Code of Civil Pro-
cedure an order made by the Appellate Division on an appeal
must be first entered in the office of the clerk of that court, who
transmits a certified copy thereof to the clerk of the county where
the judgment was entered, and upon such certified copy of the
order and on the papers upon which the appeal was heard such
county clerk enters judgment which is the judgment of the Appel-
late Division, and an appeal is properly taken therefrom to this
court. It is not necessary to appeal from the order upon which

the judgment was entered. (*Matter of Union Trust Co.*, 172 N. Y. 494, distinguished, the appeal having been there taken under section 2585 of the Code of Civil Procedure.)

*Dwight* v. *Gibb*, 150 App. Div. 573, affirmed.

(Argued April 1, 1913; decided April 15, 1913.)

APPEAL from so much of a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 29, 1912, as modifies a judgment entered upon the report of a referee and directing distribution of a trust fund.

The facts, as so far material, are stated in the opinion.

*Joseph Fisher* for appellants. Inasmuch as the appellants and the respondents, constituting collectively the "legal representatives" of the testator's daughter Caroline, are all related in equal degree to her, they must *inter se*, share equally in the distribution. (Cons. Laws, ch. 13, § 98, subd. 10; *Schmidt* v. *Jewett*, 195 N. Y. 486; *Bisson* v. *W. S. R. R. Co.*, 143 N. Y. 125; *Phelps* v. *Cameron*, 109 App. Div. 798; *Bassett* v. *Wells*, 56 Misc. Rep. 81; *Matter of Bauerdorp*, 77 Misc. Rep. 655; Fowler's Decedent Estate Law, 446, 447, 451, 453, 454; *Matter of Prote*, 54 Misc. Rep. 495; *Fletcher* v. *Severs*, 10 N. Y. Supp. 6; *Adams* v. *Smith*, 20 Abb. [N. C.] 60; *Hill* v. *Nye*, 17 Hun, 457.) The appeal is properly taken from the judgment. (Code Civ. Pro. § 190; *Van Arsdale* v. *King*, 155 N. Y. 325; *N. Y. Security Co.* v. *Saratoga G. & El. L. Co.*, 156 N. Y. 645; *Stevens* v. *C. Nat. Bank*, 162 N. Y. 253; *Derleth* v. *De Graff*, 104 N. Y. 661; *Kilmer* v. *Bradley*, 80 N. Y. 630; *Huda* v. *American Glucose Co.*, 151 N. Y. 549; *Becker* v. *Koch*, 104 N. Y. 394; *D., L. & W. R. R. Co.* v. *Burkard*, 109 N. Y. 648.)

*John A. Garver* for respondents. The appeal should be dismissed. (*Matter of Union Trust Co.*, 172 N. Y. 494.) The distribution should be *per stirpes*. (2 Bouv. Law

Dict. 650; 2 Black. Comm. 217; 2 Kent's Comm. 425; Fowler's Decedent Estate Law, 368, 451.)  Under subdivision 10 of section 98 lineal descendants take as next of kin and not by representation.  (4 Kent's Comm. 425.)

Chase, J.  Timothy Dwight died in 1857 leaving a will, which was duly probated in 1858.  He directed that his residuary estate be divided into six parts, and that three of such parts be held in trust for three daughters. By his will he provided that said three parts should be held during the natural life of said daughters severally and upon the further trust as follows: "Upon the decease of my said daughters respectively, to pay over, transfer and deliver the principal of the part aforesaid, so holden in trust for the use of the daughter so respectively deceased, to the child or children of such deceased daughter respectively; and in default of such child, or children, then to my other children named in this will, and to their legal representatives in equal proportions."

On a former appeal in this case it was held (*Dwight* v. *Gibb*, 145 App. Div. 223, 227) that the testator used the words "and to their legal representatives" in the will as above quoted "in the same sense they are used in the Statute of Distributions (Decedent Estate Law [Consol. Laws, chap. 13; Laws of 1909, chap. 18], § 98, as amd. by Laws of 1909, chap. 240), — lineal descendants."  It is assumed on this appeal that such is the true meaning of such words.

The three daughters named in said will were Caroline Eleanor, Joanna and Grace E.  The testator left two sons, Timothy Trowbridge Dwight, who died in 1889 unmarried, and Stanley Dwight, who is living, and, as substituted trustee, is the plaintiff in this action.

Caroline Eleanor married a person by the name of Jeffray and died in 1873 leaving three children, all of whom died prior to 1909; one died unmarried; another died leaving two children, the defendants Harrison Jef-

fray Gibb and Charles Alexander Gibb, and the third died leaving five children, the appellants herein. The daughter Joanna married a person by the name of Berry and died in 1880 leaving four children who are defendants herein. The daughter Grace E. married a person by the name of Schoett, and died September 25, 1909, without descendants.

This action is brought by the substituted trustee for an accounting and for a distribution of the trust fund which was held for the benefit of Grace E.

The Special Term held that such trust fund should be divided into three parts, one of which should be paid to said Stanley Dwight; one of which should be divided in equal parts among the children of Joanna Berry, and the third of which should be divided in equal shares among the grandchildren of Caroline Eleanor Jeffray. The grandchildren Gibb appealed from such judgment to the Appellate Division of the Supreme Court and the judgment of the Special Term was modified by directing that the one-third of such trust fund divided among the grandchildren of Caroline Eleanor Jeffray should be divided per stirpes and not per capita. This appeal is brought from so much of the judgment of the Appellate Division as modified the judgment at Special Term. The only question involved on this appeal is whether the one-third of the trust fund to be divided among the grandchildren of Caroline Eleanor Jeffray shall be divided between them per stirpes or per capita.

It is provided by subdivisions 10 and 11 of section 98 of the Decedent Estate Law (Cons. Laws, ch. 13), as follows:

"10. Where the descendants, or next of kin of the deceased, entitled to share in his estate, are all in equal degree to the deceased, their shares shall be equal.

"11. When such descendants, or next of kin are of unequal degrees of kindred, the surplus shall be apportioned among those entitled thereto, according to their respective stocks; so that those who take in their own

right shall receive equal shares, and those who take by representation shall receive the share to which the parent whom they represent, if living, would have been entitled."

The testator intended by the use of the words "legal representatives" in that clause of the will from which we have quoted — *his* legal representatives. We agree with the Appellate Division, in holding that "what is involved is the gift over of the whole share which was put in trust for Grace's benefit" and the clause quoted from the will relates to the disposition of such share as a whole.

The descendants or next of kin of the testator are of unequal degrees of kindred and the trust fund must be apportioned among those entitled thereto according to their respective stocks. Each group of grandchildren must, therefore, take the share that their parent would have taken, if living. The judgment of the Appellate Division was right and should be affirmed. The respondents claim that the appeal should be dismissed. We think that it is properly in this court.

This is an action which was brought in the Supreme Court. Final judgment was entered therein upon the report of a referee. An appeal was taken by two of the defendants from specified parts of the judgment to the Appellate Division of the Supreme Court, where the judgment was modified in accordance with the contention of the appellants.

Section 1355 of the Code of Civil Procedure, relating to an appeal to the Appellate Division, among other things, provides: "* * * The order made upon the appeal must be entered in the office of the clerk of the Appellate Division, and a certified copy thereof with the original case or papers upon which the appeal was heard, filed as provided in section 1353 must be transmitted by the clerk upon payment of his fees, to the clerk of the county where the judgment or order appealed from was entered, and upon such certified copy of the order and the case or

papers upon which the appeal was heard, the county clerk shall enter the judgment in his office."

An order was made upon the appeal modifying said judgment appealed from and the judgment as so modified was affirmed, with costs to be paid out of a specified part of the fund mentioned in the judgment. The order was entered in the office of the clerk of the Appellate Division as in said section of the Code provided. A certified copy thereof was transmitted to the clerk of the county where the judgment appealed from was entered, and upon such certified copy of the order and the papers upon which the appeal was heard the county clerk of said county entered judgment in his office modifying the judgment appealed from and affirming such judgment as so modified.

The judgment so entered in the county clerk's office was the judgment of the Appellate Division. It was a final judgment of the Appellate Division entered as such in the office of the clerk of the county because the statute provides that such a judgment shall be so entered. An appeal was properly taken therefrom to this court. It was not necessary to appeal from the order upon which the judgment was entered. Indeed, an appeal from the order would have been of no effect, and a reference in the appeal from the judgment to the order for the purpose of appealing therefrom would have been surplusage.

The decision in *Matter of Union Trust Co.* (172 N. Y. 494) is not in conflict with the decision about to be rendered herein. That was a proceeding commenced in the Surrogate's Court. In an appeal to the Appellate Division from a decree of the Surrogate's Court, it is provided (Code of Civil Procedure, sec. 2585): "In the Appellate Division of the Supreme Court the order made upon an appeal from a decree or an order of Surrogate's Court must be entered with the clerk of the Appellate Division, and a certified copy thereof annexed to the papers transmitted from the court below upon which the appeal was heard, must be transmitted to the court from which the appeal

was taken, and the court below shall enter the judgment or order necessary to carry the determination of the Appellate Division into effect."

It will be seen that in such a case the order made by the Appellate Division is first entered with the clerk of that court, and then a certified copy thereof annexed to the papers transmitted from the court below, upon which the appeal was heard, must be transmitted *to the court* from which the appeal was taken, and " the court below shall enter the judgment or order necessary to carry the determination of the Appellate Division into effect."

The judgment or order so entered by the court is not the judgment or order of the Appellate Division, although entered pursuant to the direction of that court. In such case there is no provision of statute for an appeal from the judgment or order entered in the county clerk's office direct to this court. An appeal in such case would have to be taken from such judgment to the Appellate Division and then from the order or judgment entered in the Appellate Division to this court.

The judgment should be affirmed, with costs, payable out of the trust fund in controversy.

CULLEN, Ch. J., WILLARD BARTLETT, HISCOCK and CUDDEBACK, JJ., concur; HOGAN, J., not voting; MILLER, J., not sitting.

Judgment affirmed.