JOSHUA SILVERSTEIN, Respondent, Appellant, *v.* THE STANDARD ACCIDENT INSURANCE COMPANY OF DETROIT, MICHIGAN, Appellant, Respondent.

First Department, December 29, 1916.

Insurance — liability under policy of accident insurance — when insurance company defending action not liable for negligence in failing to see that guardian ad litem was appointed for infant plaintiff.

Where an accident insurance company under an express provision of its policy that it would at its own expense defend or settle any suit brought against the insured, undertakes a defense by an attorney selected by it, of an action in the Supreme Court by a guardian *ad litem* of an infant injured on the premises, said guardian having been appointed in the Supreme Court only for the purpose of bringing action in said court, and pending negotiations for a settlement the action is discontinued and a new action begun by the same plaintiff for the same cause of action in the Municipal Court without her appointment as a guardian therein, and a settlement is effected, and thereafter another action is commenced in the Supreme Court against the assignee of the insured by the infant through his guardian *ad litem,* and the alleged defense by the insurance company of the settlement in the Municipal Court is overruled on the ground that since the infant's mother had not been appointed guardian *ad litem* in said court she had no power to settle the action therein, and a judgment was rendered in favor of the plaintiff for more than the agreed liability of the insurance company, it is not liable to the assignee of the insured for the difference between the amount of said judgment and its agreed liability upon the ground that it or its attorney was negligent in not seeing to it that the infant's mother was duly appointed guardian *ad litem* in the Municipal Court.

CROSS APPEALS by the plaintiff, Joshua Silverstein, and the defendant, The Standard Accident Insurance Company of Detroit, Michigan, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the

clerk of the county of New York on the 16th day of May, 1916, denying their cross motions for judgment on the pleadings consisting of a complaint and answer.

*Jacob R. Schiff,* for the plaintiff.

*Frank Verner Johnson,* for the defendant.

SCOTT, J.:

The plaintiff's assignor held an indemnity policy issued by defendant insuring her against loss by way of liability for damages for personal injuries suffered by any person or persons while within or upon premises owned by her. The plaintiff, having presumably become the owner of the premises, took, with the consent of the defendant an assignment of the policy, which, as is usual, provided that prompt notice of any accident should be given to the insurer who should at its own expense defend any suit brought against the insured, or settle the same, the said insured being forbidden to intermeddle therewith, except to assist the insurer in defending the action, as and when requested by it.

It appeared by the complaint that an accident happened to Thomas Gilson, an infant, on August 24, 1912, during the lifetime of the policy, and that shortly thereafter the mother of said infant having been duly appointed guardian *ad litem* by an order of the Supreme Court began an action in the name of said infant in that court for $10,000 damages.

The defendant having been called upon to defend the action, undertook such defense by an attorney selected by it. Such negotiations were had that an agreement was reached between the guardian *ad litem*, through her attorney, and this defendant, through its attorney, for the settlement of the claim for the sum of $150. For some unexplained reason it was deemed advisable that this settlement should not be carried out in the Supreme Court action, so that action was discontinued by consent, and a new action begun in the Municipal Court for damages in the sum of $250. This action was brought in the name of the infant, by his mother as guardian *ad litem*, although as matter of fact she had never been appointed such guardian *ad litem* in said Municipal Court, and her appointment as such

guardian in the Supreme Court extended only to an action brought in that court. · The settlement for $150, as agreed to, was effected, and was approved by a justice of said Municipal Court, and a judgment entered for the sum of $150, which was paid and satisfied.

Thereafter another action was commenced in the Supreme Court against the present plaintiff by the said infant by his said mother as guardian *ad litem* for the same cause of action, in which damages to the extent of $20,000 were claimed. This action the defendant undertook to defend, and pleaded in bar of any recovery therein the compromise and settlement effected or attempted to be effected in the action in the Municipal Court.

This plea, however, was overruled by the trial court on the ground that because the infant's mother had not been appointed guardian *ad litem* in the Municipal Court she had no power or authority to sue therein in behalf of the infant, and no power to compromise and settle his claim for damages in such an action. The trial resulted in a judgment in favor of the infant plaintiff for the sum of $13,165.13, which was affirmed on appeal. (*Gilson* v. *Silverstein,* 172 App. Div. 907.) The defendant thereupon paid upon said judgment the amount of its agreed liability under its policy, to wit, $5,000, with interest and costs, leaving the plaintiff liable for $8,394.52, which he has paid, and now seeks to recover from defendant.

The ground upon which the recovery is sought is that defendant, or its attorney, was negligent in not seeing to it that the infant's mother was duly appointed guardian *ad litem* in the Municipal Court, so that the attempted settlement and compromise carried out with her would have been an effective satisfaction of the infant's claim for damages.

We are of the opinion that no cause of action in favor of plaintiff can be predicated upon this state of facts. The defendant undertook to defend the plaintiff against the infant's claim for damages, and in performing that duty it assumed the obligation of using care and diligence. Whether it should or should not attempt to compromise and settle the claim was for it to determine. It did so attempt, but owing to a blunder that attempt proved to be abortive. But this did not injure the

plaintiff, any more than would any other unsuccessful effort to effect a compromise. There was no duty on the part of defendant to compromise the claim, and its effort to do so was wholly for its own benefit. If it had attempted to charge against its liability on the policy the money it had paid for the unsuccessful compromise a different question would be presented, but that is not this case.

We have not overlooked the authorities cited to us by plaintiff, of which *Brassil* v. *Maryland Casualty Company* (147 App. Div. 815; affd., 210 N. Y. 235) is typical. In all of those cases the insurance company had by its acts placed the insured at a disadvantage, and thus violated its implied obligation to him. Here the unsuccessful attempt to compromise the claim placed the plaintiff at no disadvantage, but simply left him where he had been before the attempted compromise had been arranged. It is of no significance that the damages claimed in the second action in the Supreme Court, and the recovery therein exceeded the amount sued for in the first action, because even if there had been no attempt to compromise, the plaintiff in the first action could by amendment have increased the demand for damages, or, failing that, could have discontinued and commenced *de novo.*

Upon the defendant's appeal, therefore, the order appealed from must be reversed, with ten dollars costs and disbursements, and the motion for judgment granted, with ten dollars costs. Upon the plaintiff's appeal the order appealed from must be affirmed, with ten dollars costs and disbursements. ·

CLARKE, P. J., McLAUGHLIN LAUGHLIN and DOWLING JJ., concurred.

On defendant's appeal order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. On plaintiff's appeal order affirmed, with ten dollars costs and disbursements.