JOSHUA SILVERSTEIN, Appellant, *v.* STANDARD ACCIDENT
INSURANCE COMPANY OF DETROIT, MICHIGAN,
Respondent.

**Appeal — erroneous appeal to Appellate Division from a
judgment entered on its own order.**

An appeal does not lie to the Appellate Division from a judgment
entered upon its own order dismissing a complaint. The judgment
entered thereon in the county clerk's office is the final judgment of
that court and an appeal lies therefrom to the Court of Appeals.
(Code Civ. Pro. §§ 1317, 1336, 1355.)

*Silverstein* v. *Standard Accident Ins. Co.*, 178 App. Div. 891,
affirmed.

(Submitted June 6, 1917; decided October 2, 1917.)

APPEAL from a judgment entered April 30, 1917,
upon an order of the Appellate Division of the Supreme
Court in the first judicial department, which dismissed
an appeal taken by the plaintiff from a judgment entered
upon a prior order of said Appellate Division reversing
an order of Special Term, denying a motion by defendant
for judgment in its favor on the pleadings and granting
said motion.

The action was brought to recover upon a policy of
liability insurance. The facts, so far as material, are
stated in the opinion.

*Isidor D. Morrison* and *Jacob R. Schiff* for appellant.
The Appellate Division committed error in dismissing
the appeal from the judgment which was entered upon
the order granting the defendant's motion for judgment
on the pleadings. (Code Civ. Pro. § 1336; *Will* v.
*Barnwell*, 197 N. Y. 298; *MacNamara* v. *Goldan*, 194
N. Y. 315.)

*Frank Verner Johnson* for respondent. The judgment
from which the appeal to the Appellate Division was

taken was not a judgment " rendered in the court below " or a judgment entered on an order at Special Term after the reversal of an interlocutory judgment by that court, but it was a judgment entered by the clerk of the county of New York upon the decision and order of the Appellate Division itself. (*Dwight* v. *Gibb,* 208 N. Y. 153; *Vose* v. *Conkling,* 159 App. Div. 201; *Andrews* v. *Cohen,* 215 N. Y. 699.)

CHASE, J.  After the service of the complaint and answer both parties moved at Special Term for judgment upon the pleadings and the motions were denied.  Both parties appealed from the order entered on such decision to the Appellate Division and the order was reversed (*Silverstein* v. *Standard Accident Insurance Company,* 175 App. Div. 639), and the motion of the defendant granted. The order of the Appellate Division was duly filed in the office of the clerk of the county of New York and judgment was entered thereon in favor of the defendant dismissing the complaint, with costs.  The plaintiff then made application to the Appellate Division for leave to appeal to the Court of Appeals which application was denied. (*Silverstein* v. *Standard Accident Insurance Company,* 176 App. Div. 912.)  An appeal was then taken to the Appellate Division from the judgment entered on its order granting the defendant's motion for judgment in its favor upon the pleadings.  The Appellate Division dismissed the appeal (*Silverstein* v. *Standard Accident Insurance Company,* 178 App. Div. 891), and from the judgment entered upon that order dismissing the appeal an appeal is taken to this court. (*Stevens* v. *Central National Bank of Boston,* 162 N. Y. 253.)

Section 1355 of the Code of Civil Procedure relating to an appeal to the Appellate Division among other things provides: " * * * The order made upon the appeal must be entered in the office of the clerk of the Appellate

Division, and a certified copy thereof with the original case or papers upon which the appeal was heard, filed as provided in section 1353 must be transmitted by the clerk upon payment of his fees, to the clerk of the county where the judgment or order appealed from was entered, and upon such certified copy of the order and the case or papers upon which the appeal was heard, the county clerk shall enter the judgment in his office." (*Dwight v. Gibb,* 208 N. Y. 153; *Andrews v. Cohen,* 215 N. Y. 699; *Jackson v. Smith,* 154 App. Div. 883.)

The judgment dismissing the plaintiff's complaint entered in the county clerk's office was the *judgment of the Appellate Division* and not of or by the direction of the Trial or Special Term and an appeal could have been taken therefrom to this court, as in the case of the appeal now being considered.

The question involved on this appeal does not depend upon section 1336 of the Code of Civil Procedure. (*McNamara v. Goldan,* 194 N. Y. 315, 320.) Section 1317 of the Code of Civil Procedure authorizes the Appellate Division to grant *final judgment* in a case like the one before it herein on the appeal from the order of the Special Term denying the motion for judgment upon the pleadings. (175 App. Div. 639.)

The Appellate Division was right in dismissing the appeal taken to it from its own judgment.

The judgment should be affirmed, with costs.

COLLIN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment affirmed.