In the Matter of the Estate of HILDA WESTBERG, Deceased.

SELMA V. WESTBERG et al., Appellants; CLARA L. GRUNTAL, Respondent.

Submitted October 24, 1938; decided December 9, 1938.

318

*Emil Goldmark* and *Alfred A. Cook* for motion.

*J. Alfred Anderson* opposed.

*Per Curiam.* The appellant may appeal to this court " as of right from *a judgment or order entered upon the decision of an appellate division of the supreme court* which finally determines an action or special proceeding * * * where the judgment or order is one of reversal." (Civ. Prac. Act, § 588, subd. 1.) The appeal must be taken " within sixty days after service upon the attorney for the appellant of a *copy of the judgment or order appealed from* and a written notice of the entry thereof." (Civ. Prac. Act, § 592.) In this case the Appellate Division, on June 24, 1938, made an order resetting an order made on June 10th, reversing a decree of the Surrogate's Court of New York county which vacated a decree of probate by the same court. " The order of the appellate division made upon an appeal must be entered in the office of the clerk of the appellate division." (Civ. Prac. Act, § 621.) On June 25th a copy of the order of the Appellate Division, with notice of entry, was served upon the attorneys for the appellants. Until September 2d, more than sixty days thereafter, no notice of appeal was served.

A certified copy of the order of the Appellate Division, entered in the office of the Clerk of the Appellate Division, was transmitted to the Clerk of the Surrogate's Court of New York county and, by direction of the Surrogate, an order was made and entered there, on July 5, 1938, which provided that " the *order* of the Appellate Division, made and entered on June 24th, 1938, be and the same hereby is made the *order* of this court." (Italics are ours.) A copy of the order entered in the Surrogate's Court, with notice of entry, was served on the attorneys

on July 7th. Within sixty days thereafter, and on September 2d, the appellant served a notice of appeal "from the order, judgment and decree of the Appellate Division of the Supreme Court, First Judicial Department, dated July 5th, 1938, and filed and entered in the office of the clerk of the Surrogate's Court, County of New York, on the 7th day of July, 1938, by direction and order of the Appellate Division of the Supreme Court, First Judicial Department, * * * reversing, in all things, the decree of the Surrogate's Court, County of New York * * * vacating the decree of probate of the will of Hilda Westberg." The respondent has moved to dismiss the appeal on the ground that the notice was served more than sixty days after notice of entry of the *order of the Appellate Division in the office of the Clerk of the Appellate Division*.

The statute requires that after an order of the Appellate Division, made upon an appeal, has been entered in the office of the Appellate Division, a certified copy of the order, together with the original case or papers upon which the appeal has been heard, must be transmitted to the Clerk of the court where the judgment or order appealed from was entered if the appeal was from a judgment or order of the Supreme Court, or to the Clerk of the Surrogate's Court if the appeal was from a judgment or order of that court. "The judgment, *if any*, rendered or directed, pursuant to any such order, shall be entered by the clerk to whom the order and the case and papers were transmitted." (Civ. Prac. Act, § 621.) An order of the Appellate Division which directs judgment is simply an authority for the entry of judgment by the clerk to whom the order has been transmitted. (*Dwight* v. *Gibb*, 208 N. Y. 153.) There is no provision for the entry of a second order when no judgment is rendered or directed pursuant to the order of the Appellate Division.

These provisions of section 621 create an unfortunate distinction confusing to members of the bar. Since the

judgment *entered by the Clerk to whom the order of the Appellate Division is transmitted* is the ,only " judgment * * * entered upon the decision of an appellate division," the appeal from a " judgment " which is authorized by section 588 of the Civil Practice Act, must be taken from the judgment so entered and the time in which such an appeal may be taken runs from the date of notice of entry of that judgment. On the other hand, since the same section of the Civil Practice Act provides for the entry of the *order* of the Appellate Division in the *office of the Clerk of the Appellate Division* and does not provide for the entry of any other *order* upon the decision of the Appellate Division, when no judgment is rendered or directed, an appeal from an " *order* entered upon the decision of an appellate division " must be from the order so entered in the office of the Clerk of the Appellate Division and the time to appeal runs from notice of entry of that order even though the Clerk to whom that order has been transmitted may thereafter enter another order in his own office. The distinction, though unfortunate, is created by the statute and is firmly established by a long line of decisions running from *Kilmer* v. *Bradley* (80 N. Y. 630) to *Moller* v. *Peoples' Nat. Bank* (258 N. Y. 575). No " judgment " is directed by the order of the Appellate Division in this case. The statute required that the " order " of the Appellate Division should be transmitted to the Clerk of the Surrogate's Court, but it did not require the Clerk of that court to enter a new order upon the decision of the Appellate Division. No " judgment " was entered in the Surrogate's Court and the only " order " entered upon the decision of the Appellate Division from which an appeal may be taken is the order entered in the office of the Clerk of the Appellate Division pursuant to the statute. (*Matter of Union Trust Co.*, 172 N. Y. 494.) This court in *Dwight* v. *Gibb* (208 N. Y. 153) pointed out this distinction in plain language and reiterated the rule formu-

lated in *Matter of Union Trust Co.* (*supra*) and there applied to an appeal to this court from a determination of the Appellate Division made upon an appeal from the decree of a Surrogate.

In the cases cited the court construed the provisions of the Code of Civil Procedure and based distinction upon the language of those provisions. In the Code the provisions governing appeals from orders and judgments of the Supreme Court were contained in sections 1324, 1325, 1345, 1355 and related sections, while appeals from orders or decrees of the Surrogate's Court were governed by different sections. (Cf. § 2585.) In the Civil Practice Act the entire field of appeals to this court is covered by section 621 and related sections. The change is one of form rather than substance. Both the Code of Civil Procedure and the Civil Practice Act provide for the entry of the order of the Appellate Division in the office of the Clerk of the Appellate Division; both require that the order so entered be transmitted to the Clerk of the county in which the judgment or order appealed from was entered, if the appeal was from an order or judgment of the Supreme Court, or to the Clerk of the Surrogate's Court if the appeal was from a decree of that court; both require the entry of a " judgment " by the Clerk to whom the order of the Appellate Division was transmitted where a judgment is rendered or directed; neither require or authorize the entry by that Clerk of an " order " or " decree " where no " judgment " is rendered or directed. The distinction between appeals from " judgments " and appeals from " orders " entered upon the decision of an Appellate Division is not obliterated, but, on the contrary, seems to be made clearer by the inclusion of all relevant provisions in a single section of the Civil Practice Act.

Where an order or judgment has been properly entered upon a decision of the Appellate Division, and an appeal

may be taken from the order or judgment so entered, a misdescription in the notice of appeal affects no substantial right. In such case " the notice of appeal may be amended or the mistake disregarded as immaterial under section 105 of the Civil Practice Act." (*Rosenberg* v. *General Realty Service, Inc.*, 259 N. Y. 123.) The court may, in proper case, disregard technical distinctions which impede the assertion of rights conferred by law. It may not disregard any provision of law upon which the jurisdiction of the court is made dependent. It may not extend the time during which an appeal must be taken. (*Low* v. *Bankers Trust Co.*, 265 N. Y. 264.) Since, in this case, the time to appeal from the order entered upon the decision of the Appellate Division had expired when the notice of appeal was served, the appeal must be dismissed.

The motion should be granted and the appeal dismissed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Motion granted, etc.