In the Matter of Proving the Last Will and Testament of CHARLES W. DAYTON, Deceased.

LAURA ADAMS DAYTON DENBY, Petitioner, Appellant; FRANCES WANEK, etc., as Executrix, etc., of CHARLES W. DAYTON, Deceased, Respondent.

First Department, May 29, 1941.

*Samuel Rubin*, for the appellant.

*Edward D. Bryde* of counsel [*Abberley, Bryde, MacFall & Amon*, attorneys], for the respondent.

PER CURIAM. On a former appeal (259 App. Div. 1005) this court, on the authority of *Matter of Westberg* (254 id. 320; appeal dismissed, 279 N. Y. 316), reversed an order of the surrogate which had denied the petitioner's application to vacate a decree admitting to probate the last will and testament of Charles W. Dayton, deceased, and remitted the proceeding to the Surrogate's Court " for further consideration on the merits." On such further consideration the surrogate expressed the opinion that the decision in the *Westberg* case required him to limit the inquiry to ascertaining " whether any fraud had been committed on the court itself " rather than to determining whether a fraud had been practiced on the petitioner by inducing her to withdraw her objections to the

admission of the will to probate by false statements of fact. Finding no such fraud, the surrogate dismissed the petition.

The decision in *Matter of Westberg* does not sustain the interpretation which has been placed upon it by the surrogate. We there said: "We are unable to find evidence of concealment or fraud on the part of the executrix and sole beneficiary of the will in securing the decree of probate. The testimony of the subscribing witnesses established that the will was executed in the manner provided by law; there was no evidence to show lack of testamentary capacity on the part of the testatrix; and the contestant failed to show that undue influence had been exercised over the testatrix or that she acted under restraint." We find no suggestion in that decision that in order to succeed the petitioner must establish a fraud upon the court as distinguished from a fraud upon the petitioner in procuring the stipulation under which her objections were withdrawn.

The order should be reversed, with twenty dollars costs and disbursements, and the proceeding again remitted to the Surrogate's Court for further consideration on the merits in accordance with this opinion.

MARTIN, P. J., GLENNON, UNTERMYER and DORE, JJ., concur; O'MALLEY, J., dissents and votes to affirm.

O'MALLEY, J. (dissenting). I dissent and vote to affirm for the reasons stated in my dissenting opinion on the former appeal (259 App. Div. 1005).

Order reversed, with twenty dollars costs and disbursements to the appellant, and the matter remitted to the Surrogate's Court for further action in accordance with opinion.