### BRAUN v. TAUB et al.
No. 101, Docket 21138.

United States Court of Appeals, Second Circuit.

Dec. 17, 1948.

650

John O'Brien, of New York City, for plaintiff-appellant.

Joseph M. Schwartz, of New York City, for defendant-appellee.

Before L. HAND, Chief Judge, and CHASE and FRANK, Circuit Judges.

PER CURIAM.

The only question here involved is whether a judgment obtained against Braun by the Taubs in an action in the state court is a bar to this action. The state court action was for the specific performance of a written contract for the sale of a parcel of land by Braun to the Taubs, in which judgment was entered in favor of the Taubs on the 13th day of October, 1945, directing Braun to execute a deed of the parcel here also in question. From this judgment Braun appealed to the Appellate Division for the First Department, which affirmed the judgment on May 24th, 1946, 270 App.Div. 930, 62 N.Y.S.2d 615; and upon its order judgment was entered in the Supreme Court on June 13th, 1946. This judgment the Appellate Division amended, nunc pro tunc, on July 1st, 1946, but no judgment was ever entered in the Supreme Court upon the amending order. The appellant raises four objections to the judgment as a bar: (1) that it is not a final judgment; (2) that it was not rendered on the merits; (3) that the court was not one of competent jurisdiction, and (4) that the same issues are not involved in this action as were involved in the state action.

Since the claim involved in the two actions was the same: i. e. the right to the parcel in question, the fourth point is plainly bad. The state action involved the merits of the claim, and the second point is also bad; as is also the third. The only point deserving notice is whether it was necessary to enter an amended judgment in the Supreme Court in conformity with the order of the Appellate Division of July 1st, 1946; or whether the judgment of the Supreme Court was amended without more by the order of the Appellate Division. There might be something in this position, if the Appellate Division was not what it is called, a division of the Supreme Court itself; in which event it might be without power by its own order to amend a judgment entered in the Supreme Court. The judgment in the Supreme Court entered on May 24th, 1946, was not, however, beyond power of change by the Appellate Division and the order of July 1st, 1946, amended it ex proprio vigore. It ended with the words: "the judgment entered upon said order of this court entered on the 24th day of May, 1946, be amended accordingly nunc pro tunc as of the date of entry thereof." The Court of Appeals has twice decided that a judgment of the Supreme Court, entered upon the order of the Appellate Division, is a judgment of the Appellate Division itself. Dwight v. Gibb, 208 N.Y. 153, 158, 161 N.E. 851; Silverstein v. Standard Accident Insurance Co., 221 N.Y. 332, 117 N.E. 307. See also Jackson v. Smith, 154 App.Div. 883, 138 N.Y.S. 914. It follows, therefore, that the Appellate Division had power to amend its own judgment: i. e. the judgment entered in the Supreme Court on June 13th, 1946, upon its order of May

 

24th, 1946; and it would have been idle to follow that order by a second judgment in the Supreme Court. Thus the judgment of June 13th, 1946, as so amended was a final judgment.

Judgment affirmed.