Felix C. Benvesga, J.
Motion by defendant to adjudge certain officials in contempt for failing to enter an ex parte order of this court, dated October 14,1957, and for other relief; and cross motion by plaintiff to vacate said order and for other relief.
In April, 1957, the Appellate Division affirmed an order of this court granting a motion by plaintiff to punish the defendant for contempt (3 A D 2d 436). In May, 1957, the Appellate Division denied a motion for leave to appeal to the Court of Appeals (3 A D 2d 906). And in October, 1957, the defendant submitted and the court signed the order in question. It orders and directs the clerk of this court to enter “judgment” in favor of plaintiff in the sum of $20, the costs of the appeal, and directs that plaintiff have execution therefor. Plaintiff moves to vacate the order on the ground that it was made ex parte and because it is not only unnecessary but unauthorized by statute. The contentions seem to be well taken.
In accordance with section 621 of the Civil Practice Act, the order of the Appellate Division was entered in the office of the clerk of that court, and a certified copy of the order, together with the original papers on appeal, was transmitted to, and filed in the office of the County Clerk of this county. The order, it is to be noted, does not provide for the entry by the clerk of this court of any order or any judgment based thereon. Consequently, the only “order” from which an appeal may be taken is the order entered in the office of the clerk of the Appellate Division (Matter of Westberg, 279 N. Y. 316, 320). *626 There is a well-defined distinction between an order and a judgment. This distinction, as the Westberg case points out (supra, p. 321), “ is not obliterated, but, on the contrary, seems to be made clearer by the inclusion of all relevant provisions in a single section of the Civil Practice Act ” (Civ. Prac. Act, § 621).
Moreover, as has been pointed out, the order in question directs the entry of “ judgment ” for costs of the appeal. But since a bill of costs and disbursements in the amount of $80.53 (which includes the costs of the appeal), with notice of taxation, had already been served on the attorneys for the defendant and filed in the County Clerk’s office, the necessity for the order in question is not apparent, unless, as in the Westberg case (supra) the time to appeal, or to obtain leave to appeal, from the order of the Appellate Division had expired and defendant sought thereby to extend his time. That that may not be done is well settled (Matter of Westberg, supra, p. 322).
Motion by defendant is in all respects denied; cross motion is granted to the extent that the ex parte order is vacated.
Settle order in accordance herewith.