■ BERNARD C. MADDEN et al., Respondents, v. CHARLES T. ATKINS, Individually and as President of NEW YORK ASSOCIATION NO. 88 OF MASTERS AND MATES OF THE NATIONAL ORGANIZATION MASTERS, MATES AND PILOTS OF AMERICA, INC., et al., Appellants.— Appeal from an order and a judgment entered November 25, 1958 adjudging that appellants pay specified sums of money as compensation for loss and injury suffered by respondents by reason of appellants' failure and refusal to obey an order of this court dated May 6, 1957 and a judgment entered July 3, 1957 on that order. The order of this court modified a judgment dismissing respondents' complaint against appellants, so as to direct, *inter alia,* that respondents be restored to good standing as members of the appellant local union, and the judgment entered thereon directed such reinstatement. (See *Madden* v. *Atkins,* 4 A D 2d 1.) Order and judgment of November 25, 1958 reversed, without costs, and matter remitted to the Special Term for further proceedings not inconsistent herewith. It was, in our opinion, error to compute respondents' loss from May 6, 1957. Respondents suffered no loss by reason of the failure or refusal of appellants to comply with the directions of this court between that date and July 11, 1957 and should, consequently, be compensated only for loss or damage suffered between July 11, 1957 and February 8, 1958. The directions given by this court with respect to respondents' reinstatement are contained in the judgment entered July 3, 1957 and not in our order of May 6, 1957, which merely directed the modification of a judgment theretofore entered so as to provide for such reinstatement and was authority for the entry of the judgment of July 3, 1957 by the clerk to whom the order had been transmitted (*Matter of Westberg,* 279 N. Y. 316; *Jackson* v. *Smith,* 154 App. Div. 883). Appellants could not have disobeyed the judgment before July 3, 1957, since there was no judgment prior to that date which required them to do anything. However, there is no evidence that they did disobey it prior to July 11, 1957. or that they were requested to carry out its provisions prior to that date. Respondents' loss and damages should therefore be recomputed with reference to the period commencing July 11, 1957 and ending February 8, 1958, when the judgment was complied with, on the basis of the evidence adduced before the Official Referee, and his decision thereon, or, in the discretion of the Special Term, on additional evidence. We call attention, however, to the fact that respondent Friedman was available for work only until November 22, 1957. In our opinion, with the exception of the matters hereinbefore referred to, the Official Referee correctly decided the questions referred to him in all respects. Nolan, P. J., Wenzel and Ughetta, JJ., concur; Beldock and Murphy, JJ., dissent and vote to modify the order and the judgment appealed from by (a) awarding to respondent Friedman $6,113.25 and to respondent Liddy $7,548.35, instead of the amounts awarded, (b) directing that there be paid to the Masters, Mates and Pilots Pension and Welfare Plan for respondent Friedman $283.40 for 173 days of credited employment, and for respondent Liddy $344 for 215 days of credited employment, and, as so modified, to affirm the order and judgment, with the following memorandum: Respondents, other than Friedman and Liddy, are entitled to damages from May 6, 1957. Respondent Friedman is entitled to lost wages for 12 deep sea relief trips from June 1, 1957 because that is the first day he was available for work. Respondent Liddy is entitled to lost wages for 11 days night mate relief work from the end of May to the end of July, 1957 and to lost wages and allowances for 1 deep sea trip from July, 1957 to February 8, 1958. In our opinion, it is improper to compute damages from July 11, 1957, instead of from May 6, 1957, for several reasons: (1) the order of this court of May 6, 1957, based on the published opinion (*Madden* v. *Atkins,* 4 A D 2d 1), modified the judgment of the Special

Term by specifically directing restoration of five of the respondents, as of the date of their explusion, to good standing as members of the local union and to all rights as members of the local and national unions as of the date of such expulsion, and re-registration of the sixth respondent for work assignments in the office of the local union as of March 2, 1953, (2) this order contained an explicit direction which the present appellants were required to obey, whether or not a judgment was thereafter entered in accordance with said order, (3) even an oral direction before the entry of a formal order or judgment may be the basis of punishment for contempt (*Rudnick* v. *Jacobson*, 284 App. Div. 1064, motion for leave to appeal denied 308 N. Y. 1052); it follows that the written direction of this court, as contained in its written opinion and order, is entitled to obedience before the entry of a formal judgment thereon, and appellants do not claim lack of knowledge of the written direction of this court, (4) an order of the Special Term of February 6, 1958 adjudged appellants in contempt for disobedience of the order of this court of May 6, 1957, as well as for disobedience of the judgment thereafter entered. No appeal having been perfected from the order of February 6, 1958, this court may not on the present appeal modify that order.