**John L. GOWEN, a Minor, b/n/f G. A. Gowen, Appellant,**

v.

**Leo F. WILLENBORG, Appellee.**

No. 14081.

Court of Civil Appeals of Texas.

Houston.

March 28, 1963.

Rehearing Denied April 18, 1963.

W. James Kronzer, Houston, and Hill, Brown, Kronzer, Abraham, Watkins & Steely, Houston, of counsel, for appellant.

Russell Talbott, J. S. Covington, Jr., and Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellee.

COLEMAN, Justice.

This is an attractive nuisance case. The trial court rendered a summary judgment in favor of the defendant.

Appellee erected a billboard on leased premises near the intersection of Gulf Freeway and Berkley Street in the City of Houston, Texas. John L. Gowen, a child eleven years of age, attempted to climb the sign on some step-like projections formed by the supporting structure of the sign. When he reached a point near the top of the sign, wasps emerged from a partially concealed nest and stung him. He started climbing down and fell when he missed his footing. As a result of the fall, he sustained serious injuries. The fall was caused by the wasp stings and not by a structural defect in the billboard. Appellee had looked at the sign on several occasions after its completion. The wasp nest was large and the record indicates that it was clearly visible from the ground. Appellee testified that he did not know of the presence of the wasp nest on the sign. Appellant did not allege that appellee had actual knowledge of the existence of the wasp nest.

The rule laid down in Vol. II, p. 920, § 339, of the Restatement of the Law of Torts, has been approved and explained by the Supreme Court of Texas in Banker v. McLaughlin, 146 Tex. 434, 208 S.W.2d 843; Massie v. Copeland, 149 Tex. 319, 233 S.W.2d 449; and Eaton v. R. B. George Invest-

ments, 152 Tex. 523, 260 S.W.2d 587. This section provides:

> "A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land, if
>
> "(a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and
>
> "(b) the condition is one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily harm to such children, and
>
> "(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it, and
>
> "(d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein."

Conditions (a), (c) and (d) are either satisfied as a matter of law or else a fact issue is raised under the record in this case. By reason of condition (b) there can be no liability unless the possessor knows and realizes, or should know and realize, that the structure or artificial condition maintained by him involves an unreasonable risk of serious bodily harm to trespassing children.

■ It is not contended that a structure involves an unreasonable risk of harm merely because of the danger of falling, such danger being open and obvious and known even to small children. Stimpson v. Bartex Pipe Line Co., 120 Tex. 232, 36 S.W.2d 473.

In the Eaton case, supra, the court said: "The effect of these late cases is to abolish as to young children the distinction between trespassers, licensees and invitees *when the four conditions have been satisfied* and to impose on the landowner under such circumstances a duty of ordinary care to protect them from injury. * * *" (Emphasis added.)

In Banker v. McLaughlin, supra, the court cites Gulf Production Co. v. Quisenberry, 128 Tex. 347, 97 S.W.2d 166, as authority for the proposition that where a company must have anticipated the presence of children on its premises and "* * * knowing of conditions likely to cause injuries to persons coming on the premises, 'was bound to use the care of an ordinarily prudent person' to prevent such injuries."

The court, in Banker v. McLaughlin, supra, also cited Prosser on Torts (1941), "Trespassing Children," as follows: "The better authorities now agree that the element of 'attraction' is important only in so far as it may mean that the trespass is to be anticipated, and that *the basis of liability is merely the foreseeability of harm to the child.*" (Emphasis added.)

If the duty to use ordinary care to prevent injury to a trespassing child arises from the fact that the trespass is to be anticipated, then the condition causing harm, where there is no actual knowledge, must be such as would have been discovered by a reasonable inspection by the possessor or landowner. The evidence in this case is such as to raise a question of fact as to whether or not the dangerous condition would have been discovered on a reasonable inspection. While no evidence was presented as to the length of time the nest had been attached to the billboard, such evidence could be procured, and the fact that the nest was large and complete would be sufficient to demonstrate existence of a fact issue.

■ However, the rule set out in the Restatement of Torts and adopted by our courts concerns artificial structures only. The liability of an owner or possessor of land for injuries to children caused by natural conditions is governed by the usual rules relating to trespassers, licensees and invitees. The nest built by wasps is a natural condition and is not in itself dangerous. Knowledge of the location of a wasp nest at most would be knowledge that wasps are likely to be found at that location. Destruction of the nest would not necessarily remove the danger of an attack of the stinging insect at that location. It would remove the warning sign and might or might not cause the wasps to remove themselves to another scene of activity.

■ Has the child been attacked by the same wasps while attempting to climb another of the billboards located on the property, we would have no difficulty in determining the question of liability of the possessor because as to that structure it could hardly be argued successfully that the artificial structure involved an unreasonable risk of harm to a trespassing child. Generally the law does not require the owner or possessor of land to anticipate the presence of, or guard an invitee against harm from, animals ferae naturae unless such owner or possessor has reduced the animals to possession, harbors such animals, or has introduced onto his premises wild animals not indigenous to the locality. 4 Am.Jur. 2d, Animals, Sec. 80, et seq.; Restatement of the Law of Torts, Ch. 20.

■ Artificial conditions, such as farm ponds, frequently become the abode of poisonous snakes, and stinging insects are common in hunting lodges and summer homes, but no cases have been found where a duty of ordinary care has been imposed on the owner or possessor of such premises. Written warnings would be of little practical effect in the case of young children who trespass upon such premises and barriers effective to prevent their access to the premises would be unreasonably burdensome to the possessors in many instances. It has not been determined that public policy

requires the imposition of liability in such cases. The presence of dangerous insects or animals in or near an artificial condition or structure, which does not in itself involve an unreasonable risk of death or serious bodily injury to a trespassing child, does not transform such a *condition* or *structure* into one involving such a risk. An unreasonable risk of serious bodily injury may be present, but it is not presented by the structure or artificial condition.

The trial court must determine in each case such as this whether or not the property owner or possessor owes a duty to the child. Massie v. Copeland, 149 Tex. 319, 233 S.W.2d 449. Here the trial court properly found no duty. In the absence of a duty toward the child, there is no jury issue material to the decision of the case.

The judgment of the Trial Court is affirmed.