Richard J. Cardamone, J.
The defendant moves to dismiss the complaint pursuant to the Civil Practice Law and Rules (3-211, subd. 7).
As a result of an accident which occurred on November 4,1903 on premises located at 812 Almond Street, in the City of Syracuse, New York, an action was instituted by the plaintiff, by the service of a summons and complaint, on November 21,1963. An answer was interposed on December 17,1963, with a demand for *1097 a verified bill of particulars. No bill of particulars was served upon the defendant. On January 20, 1964 a motion was made, returnable in this court, to preclude the plaintiff from offering any evidence concerning the allegations of which the particulars were demanded. A 30-day order of preclusion was granted and filed in the office of the County Clerk of Onondaga County on January 3, 1964. A copy of this order was served upon the attorney for the plaintiff. The order, however, did not have a notice of entry.
It appears from the moving papers that Letha Harvey, the plaintiff, is the guardian ad litem of her daughter, Linda Cale Harvey, an eight-year-old. The infant was on the premises at 812 Almond Street because her father, Jimmy Lee Harvey, was a tenant, on a month-to-month basis, of the said defendant, Irving Hammer. The complaint alleged that on November 3, 1962, “ certain large rats, which had for several days previous to that time, been chewing through the walls of the * * * apartment, attacked the infant plaintiff, Linda Cale Harvey, and bit her causing injuries to the said infant plaintiff The complaint also alleged that this accident was solely due to the negligence of the defendant. It was further alleged that the negligence of the defendant consisted of keeping common areas, halls, grounds, etc., in an unclean and dangerous condition, that the walls were in poor repair, so that they attracted rats, that the defendant knew, or should have known, of the condition of his premises and that the defendant had been shown holes in the wall through which rats had been entering the premises prior to the accident. The defendant stated in his moving papers that some of the allegations in the complaint were based on certain violations of the Multiple Dwelling Law, which law has no application in cities of less than 80,000. The plaintiff’s attorney’s affidavit admitted the reference to the Multiple Dwelling Law, but claimed that this was -an inadvertent error, and that the complaint should have made reference to the Multiple Residence Law. A verified bill of particulars was served on March 16, 1964 by the plaintiff’s attorney and returned March 18 by the attorneys for the defendant on the grounds that an order of preclusion had been previously granted. The preclusion order granted by this court provided: ‘ ‘ ordered, that the said plaintiff be and hereby is precluded from giving evidence at the trial of this action of the items of which particulars have not been delivered pursuant to said notice, to wit: None of the items demanded in the said demand for a verified bill of particulars, unless, within thirty (30) days after the entry of this order the service of a certified copy thereof with notice of entry upon the *1098 attorney for the plaintiff, the plaintiff serve upon the attorneys for the defendant a verified bill of particulars of said items as required by the said written notice as hereinbefore set forth ’ ’ (emphasis supplied).
The defendant also claims that on August 12, 19.62, the State of New York condemned the property for the purposes of constructing a highway. The title to the property, he alleged, upon information and belief, passed to the State of New York by virtue of a map which was filed in the office of the County Clerk of Onondaga County.
In a motion to dismiss, a construction of the complaint must be adopted which accepts ‘ ‘ ‘ whatever can be implied from its statements by fair and reasonable intendment’’’ (Dulberg v. Mock, 1 N Y 2d 54, 56 [1956]; Curren v. O’Connor 304 N. Y. 515 [1952]). “ Pleadings shall be liberally construed. Defects shall be ignored, if a substantial right of a party is not prejudiced ” (CPLR 3026). In view of the above, this complaint will not be dismissed. A permission for its amendment is hereby granted, to allow alleging the Multiple Residence Law instead of the Multiple Dwelling Law. (CPLR 2001; Matter of Franklin Shops v. Village Assessor of Inc. Vil. of Hempstead, 15 A D 2d 921 [2d Dept., 1962].) The issue as to the ownership of the real property cannot be passed upon at this time but must await the time of trial.
The defendant’s failure to complete the notice of entry, even though a true copy of the order was served on the plaintiff’s attorney, did not comply with the court’s order, nor did it give the plaintiff’s attorney proper notice as to when his time to appeal began to run. This point was passed on in Fry v. Bennett (16 How. Prac. 402, 404 [1858], affd. 26 How. Prac. 599 [1863]), where the court said: “ in order that the thirty days shall begin to run, that it is not enough that the party have notice of the order. That was conceded on the argument of the present motion. No oral communication, therefore, is sufficient. No presence in court and hearing the decision announced on the order or judgment declared by the court is sufficient. He must have written notice.” (Emphasis supplied.) It has always been assumed that the ultimate act of perfecting an order of the court is its entry. (Wilcox v. National Shoe $ Leather Bank, 67 App. Div. 466, 469' [1st Dept., 1902].) While this court was unable to find any case precisely in point, it appears as though the above cases and the multitude of cases which bear on the question of time to appeal, may be equated with the problem posed here. (Matter of Westberg, 279 N. Y. 316 [1938]; O’Brien v. City of New York, 6 A D 2d 63 [1st Dept., *1099 1958]; James Talcott, Inc. v. Schildhaus, 2 A D 2d 669 [1st Dept., 1956], affd. 2 NY 2d 910 [1957].)' In those cases it is well-settled that the time to appeal does not expire until a certain number of days specified after the service upon the opposing attorney of a copy of the judgment or order and a written notice of entry. (Civ. Prac. Act, §§ 612, 592, now CPLB, 5513.) In construing section 612 of the Civil Practice Act, in Matter of Downey (275 App. Div. 1008 [1949]), the Third Department stated: ‘1 The language of this section has always been strictly construed so as not to deprive a defeated party of his right to appeal. The notice of entry must be in writing and its service cannot be dispensed with merely because the adverse party may possess all the knowledge which would be conveyed to him by such notice. It is common knowledge that the almost universal practice among attorneys is to endorse the notice of entry on the copy of the judgment or decree served. Doubtless this is not an absolute requirement, but if the notice of entry is served in connection with another paper it nevertheless must contain all the elements which the decisions and common practice have indicated to be necessary.” (Emphasis supplied.) This is particularly true where the order itself provides that notice of entry must be served upon the plaintiff’s attorney.
Further, the plaintiff is an eight-year-old infant. In view of the foregoing, the motion is denied, without costs.