### 46128. WILLIAMS v. GIBBS.

Deen, Judge. Defendant Williams had a combination restaurant and service station in Jacksonville, Georgia. The plaintiff and her sister stopped to eat and while waiting followed a sidewalk around the exterior of the building to the restroom. As the plaintiff rounded the corner a large rattlesnake came out of the grass toward her and about half way on the sidewalk. She turned to run, fell and broke her hip. The plaintiff contends that the defendant was negligent in not keeping the grass mowed around the building, thus enabling snakes to come upon the sidewalk. Williams moved for summary judgment and appeals from the denial of the motion. The alleged negligence on the part of the defendant was in failing to mow the grass of the lawn around the restaurant which extended back about seventy feet to a woods, and allowing it to grow about six inches high, as high as a man's shoe, high enough for a snake to hide in. Her testimony was that snakes are prevalent along the river, everybody that goes that way would know that snakes are prevalent, they go back and forth just like snakes do around river areas, and that this establishment is about a mile from the river swamp. The defendant's position is that he has had the establishment for six years and in that time neither he nor anyone else has seen a snake on the premises. *Held:*

Where a paved sidewalk was provided for customers, allowing the grass on the adjacent lawn to grow to a height of six inches or so could only be negligence if the defendant should have foreseen that there were snakes or other hazards in the area which would be encouraged by the grass and which would constitute a menace to persons using the sidewalk. The defendant swears that no snake has been seen by anyone during the six years he has owned the premises. The duty of the owner of premises is to exercise ordinary care to keep them safe for invitees. *Code* § 105-401. "If the defendant in the exercise of ordinary care could not have discovered the condition that proximately caused the plaintiff's injury, it breached no duty of care owed to the plaintiff." *Home Federal S. & L. Assn. v. Hulsey,* 106 Ga. App. 171, 172 (126 SE2d 541). The duty to take action against a hidden peril is based on the superior knowledge of the defendant. *Gibson v. Consolidated Credit Corp.,* 110 Ga. App. 170 (2a) (138 SE2d 77). "Generally, the law does not require the owner or possessor of land to anticipate [the] presence of or guard [an] invitee against harm from animals ferae naturae." 3 CJS Supp., Animals, § 143, citing Gowen v. Willenborg, 366 SW2d 695 (Tex. Civ. App.). The positive testimony that no snakes had been seen on the premises in the six years of the owner's tenure shows that the incident was unexpected; in the absence of knowledge of such a danger there was no duty on the part of the proprietor to keep the grass mowed short in order to guard against it. Nor does the plaintiff's testimony that there were snakes along the river a mile or so away raise such a duty where in fact there had been none in the area around the building. Accordingly, it was error to deny the motion for summary judgment.

*Judgment reversed. Bell, C. J., concurs. Pannell, J., concurs in the judgment only.*

ARGUED APRIL 5, 1971—DECIDED APRIL 21, 1971.

*Sharpe, Sharpe, Hartley & Newton, T. Malone Sharpe,* for appellant.

*Dewey Hayes,* for appellee.