339 So.2d 244 (1976)
R.J. WAMSER and Robert Wamser, a Minor, by His Next Friend, R.J. Wamser, Appellants,
v.
CITY OF ST. PETERSBURG and Insurance Company of North America, Appellees.
No. 75-1345.
District Court of Appeal of Florida, Second District.
October 27, 1976.
Rehearing Denied December 9, 1976.
*245 John L. McFadyen, Lloyd & Henniger, St. Petersburg, for appellants.
Michael S. Davis, St. Petersburg, for appellees.
HOBSON, Acting Chief Judge.
Robert Wamser, a minor, and his father sued the City of St. Petersburg and its insurance carrier for damages sustained by them as a result of a shark attack. The amended complaint alleged that Robert was severely injured when he was attacked by a shark while swimming in the waters of the Gulf of Mexico adjacent to a beach operated by the city on Treasure Island. Both parties moved for a summary judgment. The trial court granted defendants' motion, holding that under the facts disclosed the city could not be held responsible as a tortfeasor for damages caused by a wild creature in its natural habitat.
The record, which was developed by extensive discovery procedure and affidavits, reflects that the attack occurred shortly after Mr. Wamser had joined Robert who was swimming about 25 feet from shore and approximately 15 to 20 feet north of the lifeguard stand. Before the attack the Wamsers were aware that there were sharks in the Gulf of Mexico, but had never heard that there were sharks at the city beach, nor had they received any specific warning that sharks inhabited the area directly around the beach.
The lifeguard on duty at the time of the attack had just received a report of a shark sighting south of the municipal beach and was going to investigate when he heard appellants' screams. He helped pull the boy upon the sand, directed someone to call the rescue squad and requested the other lifeguard to apply a tourniquet to the boy's leg. He then ordered all bathers out of the water.
There was no charge made by the city for the use of the beach. The District Recreation Supervisor for the city stated in his deposition that he had been connected with the city beach approximately 24 years and to his knowledge there had never been a shark attack at any of the city beaches in all those years. The two lifeguards, one of whom had worked at the beach for more than ten years, stated they had never seen a shark at the city beach. On several occasions they had received reports of sharks in the area but upon investigation, alleged shark sightings had proved to be sightings of porpoise.
*246 In an affidavit submitted by appellants in support of their motion for summary judgment, a Marine Patrol captain of the Department of Natural Resources of Florida stated that prior to the attack in August, 1969, he had patrolled the waters along the beaches in the area and had observed that sharks inhabited the gulf waters off Treasure Island and that these sharks on occasion came within close proximity of the beach area at said location. In another affidavit filed by appellants, a commercial fisherman stated that he had observed sharks swimming up and down the beaches and sandbars in the waters adjacent to Treasure Island.
We have found no Florida case dealing with owners' or possessors' liability for injuries inflicted by wild animals in their natural habitat. The rule is that generally the law does not require the owner or possessor of land to anticipate the presence of or guard an invitee against harm from animals ferae naturae unless such owner or possessor has reduced the animals to possession, harbors such animals, or has introduced onto his premises wild animals not indigenous to the locality. Gowen v. Willenborg, Tex.Civ.App. 1963, 366 S.W.2d 695; Williams v. Gibbs, 1971, 123 Ga. App. 677, 182 S.E.2d 164; Restatement of the Law of Torts, Ch. 20, § 508; 3A C.J.S. Animals § 174.
In the instant case there was nothing to indicate that the city had knowledge of a shark hazard. To the contrary, the record shows that the attack at a previously safe beach was unexpected. In the absence of reasonable foreseeability of the danger, there was no duty on the part of the city to guard an invitee against an attack by an animal ferae naturae, or to warn of such an occurrence. Williams v. Gibbs, supra; Rubenstein v. United States, N.D.Cal. 1972, 338 F. Supp. 654; Cf. Claypool v. United States, S.D.Cal. 1951, 98 F. Supp. 702. Nor was the city under a duty to obtain information from local agencies to determine the frequency with which sharks appeared in and around the beach area, since there was no attack on record in the history of the beach to indicate the necessity for obtaining such information.
The judgment appealed is AFFIRMED.
GRIMES and SCHEB, JJ., concur.