Gerald Clifton OVERSTREET, Appellant,

v.

GIBSON PRODUCT CO., INC., OF DEL RIO, Appellee.

No. 15697.

Court of Civil Appeals of Texas, San Antonio.

Oct. 26, 1977.

Rehearing Denied Nov. 23, 1977.

---

**14.** Notice of injury or death must now be given within thirty days under the 1972 amendment. *33 U.S.C.A. § 912 (Supp.1977).*

Broadus A. Spivey, Dicky Grigg, Spivey, Hazel, Scarborough & Grigg, Austin, for appellant.

Smith, Davis, Rose, Finley § Hofmann, San Angelo, for appellee.

CADENA, Chief Justice.

Plaintiff, Gerald Clifton Overstreet, appeals from a judgment n.o.v. denying him recovery for personal injuries suffered as the result of being bitten by a rattlesnake while he was shopping for groceries in a store operated by defendant, Gibson Product Co., Inc. of Del Rio, in the City of Del Rio.

The action of the trial court in disregarding the jury findings of causal negligence on the part of defendant can be sus-

tained only if there is no evidence of probative force to support the jury findings. *Leyva v. Pacheco,* 163 Tex. 638, 358 S.W.2d 547 (1962); Rule 301, Tex.R.Civ.P. In making this determination, we may consider only the evidence which, together with reasonable inferences which may be drawn from such evidence, supports the verdict. *Jones v. Getty Oil Co.,* 458 S.W.2d 93 (Tex. Civ.App.—San Antonio), *aff'd. sub nom.,* 470 S.W.2d 618 (Tex.1970).

The evidence, viewed in the light most favorable to plaintiff, may be fairly summarized as follows:

At about 8:00 P.M. on Saturday, October 12, 1974, plaintiff entered defendant's department store for the purpose of buying some groceries. He proceeded to the grocery department and, after picking up a carton of milk, entered aisle 7 where, as he was reaching for a jar of jelly, he was struck in the leg by the snake. He did not see the snake until after it had struck him, and the snake did not "rattle" or give any other audible signal before it struck. After plaintiff cried for help, the snake was killed by defendant's employees. At the time of the incident, no employee of defendant was in aisle 7, although two of defendant's employees, including one who was primarily responsible for aisle 7, had been in the area a short time before plaintiff was injured.

The land adjacent to defendant's store is overgrown with brush and shrubs and contains many rocks. Such land is not owned by defendant. Although there is no evidence that such adjacent land is infested with snakes, there is testimony to the effect that a person walking over such land would be on the lookout for snakes, since rattlesnakes are found "all around Del Rio."

At one end of aisle 7, where plaintiff was struck by the snake, there is a warehouse area with a loading dock. One of the doors leading from the warehouse area to the loading dock had a crack at the bottom large enough to permit mice to enter the warehouse area, which is separated from the shopping area by doors. Defendant had experienced problems with mice on the premises, and during the period shortly preceding the incident in question, more than 40 mice had been killed inside the store. The presence of mice attracts snakes.

A retired game warden who had had much experience with rattlesnakes and had studied their habits and capacities testified that a snake as large as that which struck plaintiff could have crawled into the store through the crack in the door leading to the loading dock. He said that rattlesnakes have the ability to "flatten" their bodies, so that they normally can crawl through any opening which is large enough to allow their heads to pass through. According to this witness, the snake could have been in the building for as long as 30 days prior to the incident in question.

It is improbable that any person entering the store intentionally brought the snake onto the premises.

The jury found that defendant was guilty of causal negligence in that it (1) created or maintained a condition on its premises which attracted the snake onto such premises; (2) created or maintained a condition on its premises which made it possible for the snake to enter the store; and (3) failed to inspect the premises properly and adequately in order to discover the presence of the snake.

■ By his eighth point of error plaintiff asserts that the trial court erred in overruling his motion for judgment based on the theory of strict liability. Plaintiff's theory is that defendant is strictly liable for plaintiff's injury because the presence of the rattlesnake on defendant's premises rendered the premises unsafe and such unsafe condition was a producing cause of plaintiff's injury. This contention is without merit.

Plaintiff concedes that his injury was not produced by any defect in the merchandise offered for sale by defendant. His argument is that the "product" in this case consisted of defendant's premises, which defendant opened to the public for the purpose of deriving a profit. This argument, if accepted, would render the owner or occupant strictly liable for all dangerous condi-

tions on the premises which resulted in injury to his invitees. This is not the law, except in some situations, such as the case where the owner or occupant of land keeps or harbors a dangerous wild animal on his premises. *H. E. Butt Grocery Co. v. Perez*, 408 S.W.2d 576, 578, n.1 (Tex.Civ.App.—San Antonio 1966, no writ). There is no evidence in this case that defendant kept or harbored the snake.

It is clear, then, that plaintiff's cause of action is based on the alleged negligence of defendant, and this is the theory on which the case was submitted to the jury.

A possessor of land who holds it open to the public for entry for his business purposes is under a duty to exercise reasonable care to protect his business visitors from the acts of animals coming onto the premises. Restatement (Second) of Torts § 344 (1965). However, since the possessor is not an insurer of the safety of his business guests, he is under no duty to exercise such care until he knows or has reason to know that the dangerous acts by wild animals are occurring or about to occur.

There is no evidence that defendant, or any of its employees, knew of the presence of the snake in the store. The question, then, is whether there is evidence to support the inference that defendant had reason to know that the snake was present or might reasonably be expected to be present, thus creating a danger for a person in plaintiff's class.

We find nothing in the record to suggest that defendant knew, or had reason to know from past experience, that there was a likelihood that snakes presented a danger to patrons of the store.

The case of *DeLuce v. Fort Wayne Hotel*, 311 F.2d 853 (6th Cir. 1962), which involved injury to a hotel guest as a result of being bitten by a rat while on the hotel premises, is clearly distinguishable. In that case there was evidence of the presence of rats in the alley adjoining the hotel and on the sidewalk in front of the hotel. The court held that such evidence, despite the absence of evidence that a rat had ever been seen inside the hotel, created an affirmative duty on the part of the hotel operator to protect its paying guests from the foreseeable event that such rats might enter the hotel through its doors. There is no evidence in the case before us of the presence of snakes in any area reasonably near the defendant's store. Viewed in the light most favorable to plaintiff, the evidence does no more than establish that snakes might have been present in the adjacent undeveloped lot. We find nothing in the record to support plaintiff's statement that defendant knew of the presence of snakes in the immediate area.

In *CeBuzz, Inc. v. Sniderman*, 171 Colo. 246, 466 P.2d 457 (1970), plaintiff, while selecting bananas in defendant's store, was bitten by a "banana tarantula." There was testimony to the effect that the manager of defendant's produce department so identified the insect, adding that such insects had been present in the last shipment of bananas delivered to the store. Another employee of defendant testified that he had seen a similar insect among the bananas a day or two previous to plaintiff's injury. 466 P.2d at 459. There is no such evidence in the case before us.

In *Harvey v. Hammer*, 42 Misc.2d 1096, 249 N.Y.S.2d 1012 (1964), the only question before the court was the sufficiency of the plaintiff's complaint. Since the complaint alleged that defendant knew, or should have known, of the presence of rats in his apartment house, the court was clearly correct in holding that the complaint stated a cause of action. The opinion does not deal with the sufficiency of the evidence to sustain the allegations in the complaint.

In *Williams v. Milner Hotels Co.*, 130 Conn. 507, 36 A.2d 20 (1944), there was evidence of the existence of "rat holes" in the guest room where plaintiff was bitten by a rat. The presence of rat holes clearly suggests to a reasonable mind the presence of rats.

The only rattlesnake case which has been called to our attention is *Williams v. Gibbs*, 123 Ga.App. 677, 182 S.E.2d 164 (1971), in which defendant was held not liable for

injuries to a patron of his service station resulting from snake bite because, as the court explained, since there was no evidence that the owner had ever seen a snake on the premises, the land occupant was under no duty to protect against them.

In *Gowen v. Willenborg,* 366 S.W.2d 695 (Tex.Civ.App.—Houston 1963, writ ref'd n.r.e.), a boy, aged 11, climbed a billboard which defendant had erected on premises leased by defendant. As he neared the top of the structure he was stung by several wasps which had built a nest near the top of the billboard. The case involved a trespassing child and, while plaintiff concedes that the holding to the effect that defendant owed no duty to the child, he insists that the court held that the evidence raised a fact question as to whether or not the "dangerous condition would have been discovered on a reasonable inspection." 366 S.W.2d at 697. However, it is clear that this observation, by way of dictum, was based on the fact that "the nest was large and complete." *Id.*

An occupier of premises is liable for physical injury to his business guests or invitees resulting from a condition on the premises only if the following three conditions are met: (1) The occupant knows of, or by the exercise of reasonable care should have discovered, the condition and should realize that it involves an unreasonable risk of harm to such guests. (2) He should expect that his patrons will not discover or realize the danger, or will fail to protect themselves against it. (3) He fails to exercise reasonable care to protect his business guests against such danger. *Rosas v. Buddies Food Store,* 518 S.W.2d 534, 536–37 (Tex.1975); *Adam Dante Corp. v. Sharpe,* 483 S.W.2d 452, 454–55; Tex. Restatement (Second) of Torts § 343 (1965).

It is not readily apparent that the rule applied in *Rosas* and *Adam Dante* differs markedly from the rule embodied in Restatement § 344. If we view the presence of the rattlesnake in the store as creating the danger, the question of liability depends on whether or not it may reasonably be inferred that the condition existed for such

length of time as would give defendant a reasonable opportunity to discover it. *Coffee v. F. W. Woolworth Co.,* 536 S.W.2d 539, 541 (Tex.1976). It may be, as plaintiff contends, that very little evidence is required in order to justify the necessary inference, but this does not mean that the inference may be drawn in the absence of supporting evidence.

The record furnishes no clue as to the length of time that the snake had been in the store prior to the injury. Evidence that the snake could have been in the store for as long as 30 days is not evidence that it was there for any length of time.

Again, the cases relied on by plaintiff are distinguishable. In *Fontenot v. Sears, Roebuck & Co.,* 399 S.W.2d 394 (Tex.Civ.App.—Beaumont 1966, writ ref'd n. r. e.), there was evidence to the effect that the banana peel on which plaintiff slipped had been on the floor for at least 20 minutes prior to the accident. The holding in *Furr's, Inc. v. McCaslin,* 335 S.W.2d 284 (Tex.Civ.App.—El Paso 1960, no writ), is based on the fact that the liquid substance on the floor which caused plaintiff to slip had begun to dry around the edges, thus indicating that it had been on the floor for some time. In *Soto v. Biel Grocery Co.,* 462 S.W.2d 89 (Tex.Civ.App.—Corpus Christi 1970, no writ), the required inference was supported by the following testimony: (1) An employee of the store had thrown or dropped the green beanlike substance on the floor. (2) The substance was on the floor at the time that one of defendant's employees was in the area. (3) The object on which plaintiff slipped was smashed, slippery, and old looking.

In the case before us there is no evidence such as that on which the courts relied to uphold the necessary inference in *Fontenot, McCaslin,* and *Soto.* No one saw the snake until after it had struck plaintiff. Nor does *Mitchell v. Baker Hotel of Dallas,* 528 S.W.2d 577 (Tex.1975), support plaintiff's position, since in that case plaintiff testified that the floor was waxed and slippery (a condition which must have been known to defendant, unless we assume that some

stranger waxed the floor without defendant's knowledge), and there was also evidence that five other persons had slipped or fallen on the same floor prior to plaintiff's accident. Nor do we have here, as was the case in *Coffee, supra,* a danger created by the presence of an object which must have been placed where it was by defendant's employees.

The question here is not, as plaintiff suggests, whether the presence of a rattlesnake, measuring 4 feet in length and 8 inches in diameter, is as easily detectable as the presence of a banana peel. As in the case of the banana peel, the question is how long the snake had been there. The record suggests no clue which would aid in answering the question.

We consider next the finding that defendant had created or maintained on its premises a condition that made the premises attractive to snakes. This finding is clearly based on the fact that it is indisputably established that there were mice in defendant's store and that snakes consider mice a delicacy. The evidence, at the very least, supports the conclusion that defendant's manager knew that snakes enjoy eating mice. It may even be safely assumed that this is a matter of common knowledge.

■ But the presence of mice on premises does not, of itself, impose on the occupant a duty to guard against snakes. The ordinary person does not launch a snake hunt every time he sees mice. His precautionary measures would probably be limited to the setting of mouse traps. Only if he knew, or had reason to believe, that there are snakes in the area and that there is danger that the snakes will enter a building in which people are normally present in order to feed on mice will he take precautions against snakes. There is no evidence indicating that snakes will enter a building in search of mice, nor can it be said that man's experience has been such as to induce a reasonable belief that they will.

■ The same may be said of the crack in the loading dock door. There is no basis for holding an ordinary prudent man has any reason to believe that a dangerous wild animal will enter a building through a crack in a door or even through an open door, particularly when there is no evidence of the presence of wild animals in the area.

The trial court did not err in rendering judgment n. o. v.

The judgment is affirmed.