**Norman J. TARBELL, Chief of the St. Regis Mohawk Tribe, et al., Plaintiffs,**

v.

**L. David JACOBS, Chief of the St. Regis Mohawk Tribe, and John S. Loran, Chief of the St. Regis Mohawk Tribe, Defendants.**

**No. 93–CV–1460.**

United States District Court, N.D. New York.

June 14, 1994.

Kingsley & Towne, P.C., Albany, NY, Michael Rhodes–Devey, of counsel, for plaintiffs.

Peebles & Evans, Omaha, NE, Shentell L. Auffart, of counsel, Pease & Willer, Massena, NY, Daniel S. Pease, of counsel, for defendants.

## MEMORANDUM, DECISION & ORDER

McAVOY, Chief Judge.

This case involves the intricacies of jurisdiction and default judgments in regard to suits removed from the state court system. This suit was originally filed in the New York State Supreme Court, County of Franklin and was removed to the Northern District of New York based on federal question jurisdiction.

During the Supreme Court action, defendant L. David Jacobs failed to appear, and accordingly, on November 16, 1993, plaintiffs applied for a default judgment against him pursuant to CPLR § 3215. After reviewing the application, Hon. Jan Plumadore signed the default judgment against defendant Jacobs on November 18, 1993. Both defendants, John S. Loran and L. David Jacobs, removed the case to federal court by a Notice of Removal filed with the federal court on November 19, 1993.

On November 22, 1993, the defendants filed a Notice of Removal with the New York State Supreme Court, Franklin County. Also on November 22, 1993, both defendants filed an answer to the complaint in federal court. On the same day, plaintiffs requested that the Court Clerk for the Northern District of New York enter a default against L. David Jacobs based on his failure to appear in the state court action and the default judgment signed by Justice Plumadore. However, the state court default judgment signed on November 18, 1993 was not entered by the Franklin County Clerks' Office until November 24, 1993, two days after the defendants had answered the complaint in federal court and the plaintiff requested the federal entry of default. In a letter dated November 26, 1993, P.L. Price, Deputy Clerk of the Northern District of New York advised the plaintiffs that their request for an

entry of default was denied because defendant Jacobs had filed an answer on November 22, 1993.

Plaintiffs now move for an entry of default and a default judgment as to defendant Jacobs.[1] Essentially, the plaintiffs seek to have the state court default judgment against defendant Jacobs enforced in this court to prevent him from further defending against this suit. Defendants argue that an entry of default has already been denied by the Court Clerk, and so following the law of the case, this motion must be denied. Furthermore, the defendants argue that the plaintiffs' motion for default judgment was not timely filed pursuant to the Local Rules for the Northern District of New York nor was it made in the proper form under the Federal Rules of Civil Procedure. On May 27, 1994, the defendants also filed a cross-motion in response to plaintiff's cross-motion for default judgment. Defendants' cross-motion seeks to vacate, strike, or set aside the state default judgment signed by Justice Plumadore pursuant to Fed.R.Civ.P. 60 based on the assertion that the state court did not have jurisdiction over this matter at the time it entered its default judgment.[2]

## A. Procedural Aspects of the Motion for Default Judgment

Defendants claim that plaintiffs failed to follow the required procedures as outlined in Fed.R.Civ.P. 7 and Local Rule 10(e) in filing this motion for entry of default and default judgment. Defendants argue that the plaintiffs, in seeking a return date of April 21, 1994 when filing their motion on April 11, 1994, have violated Local Rule 10(e) which requires the filing of motions 21 days in advance of oral argument and 14 days in advance if made in the form of a cross-motion. Although the plaintiffs sought a return date of April 21, 1994, a hearing on this date was impossible since it was not a scheduled motion day for the court. Moreover, by

way of adjournment, this motion was rescheduled for a return date of June 13, 1994, thus leaving no doubt that both the 21 day requirement for motions and the 14 day requirement for cross-motions under Local Rule 10(e) have been met.

As for defendants' argument that the motion submitted does not follow the requirements under Fed.R.Civ.P. 7, the court also disagrees. Defendants argue that the plaintiffs filed and served their Notice of Motion without supporting affidavits and a memorandum of law. However, the court is in possession of all the necessary documents, which were filed on April 11, 1994. That issues other than default were addressed in these motion papers without being mentioned specifically in the Notice of Motion is irrelevant to this court in deciding the default judgment issue.

## B. Merits of the Argument for Entry of Default and Default Judgment

■ The crux of the default judgment issue can be summarized in one question: was the state default judgment effective at the time it was signed by the state judge or was filing by the clerk necessary to make it effective? After a significant amount of research, the court found only one case which addresses the point clearly, stating that "it has always been assumed that the ultimate act of perfecting an order of the Court is its entry." *Harvey v. Hammer*, 42 Misc.2d 1096, 249 N.Y.S.2d 1012, 1015 (Sup.Ct. Onondaga Co. 1964). Ironically, that court too noted that it was unable to find case law directly on point. The finding of the necessity of filing a judgment is backed by Prof. David D. Siegel's *New York Practice* which states that "if the judgment contemplates enforcement, as it usually does when the plaintiff is the winner, it is entry that marks the moment that enforcement can be sought." David D. Siegel, *New York Practice* § 418, at 638 (2d ed.

---

1. This motion comes in the form of a cross-motion as part of a response to defendants' motion for a protective order. Being non-dispositive, the motion for a protective order will not be examined at this time but will be handled separately by the magistrate judge assigned to this case, Hon. Daniel Scanlon, Jr.

2. On May 24, 1994, the defendants also filed with the New York State Supreme Court, Franklin County, an order to show cause as to why the state court should not vacate the default judgment it entered on November 24, 1993 for lack of jurisdiction.

1991). Therefore, this court concludes that the state default judgment was not effective when signed by Justice Plumadore on November 18, 1993, and could have only become effective when entered by the clerk.

The plaintiffs have pointed out that during the short time between the filing of the Notice of Removal in federal court and the filing of a copy in the state court, both courts have concurrent jurisdiction. *Hornung v. Master Tank & Welding Co.*, 151 F.Supp. 169, 172 (D.N.D.1957). Nonetheless, once the removal procedures are completed by the filing of the Notice of Removal in the state court, "state jurisdiction ends and any further action in the state court is void." *Barrett v. Southern Ry.*, 68 F.R.D. 413, 419 (D.S.C.1975). In this case, a copy of the Notice of Removal was filed with the state court on November 22, 1993, two days prior to the state court's entry of the default judgment against defendant Jacobs. Therefore, the federal court had sole jurisdiction over this case prior to the state entry of the default judgment. *See Metropolitan Casualty Ins. Co. v. Stevens*, 312 U.S. 563, 565, 61 S.Ct. 715, 717, 85 L.Ed. 1044 (1941) (noting that state court proceedings taking place after the filing of the petition of removal are void if that removal was proper).

Furthermore, Fed.R.Civ.P. 81(c) allows that in a removed action, the defendant who has not answered or otherwise appeared in the suit may do so within 20 days of being served with the initial pleadings or within 5 days of filing the petition for removal, whichever period is longer. In this case, the defendant served his answer within 5 days of removing the suit to federal court, and so has properly answered under the federal requirements. Because defendant Jacobs filed his answer with the federal court within the proper time period, the Court Clerk denied plaintiffs' November 22, 1993 request to make an entry of default against him.

Prior to the issuance of a default judgment under Rule 55(b), there must be an entry of default pursuant to Rule 55(a). 10 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2682 (1983). According to the law of the case doctrine, a decision on an issue of law should govern the same issues throughout a case. *DiLaura v. Power Auth. of NY*, 982 F.2d 73, 76 (2d Cir.1992). Although this doctrine is discretionary, generally it applies unless there is a serious reason for reconsideration such as "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.*, *quoting*, *Virgin Atl. Airways v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992). In this case, the plaintiffs have presented no such grounds for reconsideration of the Court Clerk's earlier denial of the application for an entry of default against defendant Jacobs. That being the case, the court continues to uphold the decision not to enter default under the law of the case doctrine. Thus, it is impossible to grant a default judgment because an entry of default is a necessary prerequisite.

Even if it could be shown that the state default judgment was validly entered, it is clear that a federal court has power under the general removal statute, 28 U.S.C. §§ 1441–1450, to set aside a state default judgment which was issued before removal so long as the removal was proper. *Kizer v. Sherwood*, 311 F.Supp. 809, 811 (M.D.Pa. 1970). Thus, even if it could be shown that the state default judgment became effective at the time of its signing, this court could subsequently vacate that order. Such action would be appropriate considering the fact that defendant Jacobs answered the complaint within 5 days of the removal to federal court, thus making his appearance in accordance with Fed.R.Civ.P. 81(c) and securing that he was never in default in the federal court. The default judgment could be properly lifted pursuant to Fed.R.Civ.P. 60(b) which allows such vacatur.

In conclusion, the court hereby denies plaintiffs' motion to enforce the state default judgment against defendant Jacobs and further denies any request to enter default and grant a federal default judgment against him. In doing so, based on the aforementioned facts, the court finds it proper to vacate the state court default judgment pursuant to Fed.R.Civ.P. 60(b)(4) on the basis that the

judgment is void, thus granting the defendants' cross-motion.

**IT IS SO ORDERED.**